**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IN RE:
WALTER C DAVIS                              CASE NO.: 6:14-bk-07233-CCJ
SABRINA C DAVIS                             CHAPTER 13
    Debtor(s).
_____/

WALTER C DAVIS
SABRINA C DAVIS
    Plaintiff(s),

v.                                          ADV. NO.: 6:15-ap-

CAVALRY SPV I, LLC
    Defendant(s).
_____/

**DEBTORS' COMPLAINT SEEKING DAMAGES FOR CREDITOR'S VIOLATION OF THE AUTOMATIC STAY, THE FAIR DEBT COLLECTION PRACTICES ACT, THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, AND FOR FILING A FRAUDULENT PROOF OF CLAIM**

**I. INTRODUCTION**

1. This is an action for actual and punitive damages filed by the Debtors pursuant to 11 U.S.C. §§105, and 501, and Rule 3001(c) of the Federal Rules of Bankruptcy Procedure.

**II. JURISDICTION AND VENUE**

2. Jurisdiction is conferred on this Court pursuant to the provisions of 28 U.S.C. §1334 in that this proceeding arises in and is related to the above captioned Chapter 13 case under 11 U.S.C. and concerns property of the Debtor in that case.

3. This Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157(b)(2).

4. This matter is a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order.

5. Venue lies in this District pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

6. The Plaintiffs in this case are Debtors under Chapter 13 of 11 U.S.C. in case number 6:14-bk-07233-CCJ, which case is presently pending before this Court.

7. The Defendant, Cavalry SPV I, LLC (Cavalry), is upon information and belief, a Certified Professional Receivables Company (DBA CERTIFICATON NUMBER: C1402-1014) (http://www cavalryportfolioservices.com), with its principal place of business located at 500 Summit Lake Drive, Valhalla, NY 10595.  The Defendant is registered as a foreign limited liability company in the State of Florida.

### IV.  FACTUAL ALLEGATIONS

8. The Plaintiff, Sabrina C Davis opened an account with Chase Bank USA, N.A. (Chase) several years ago but has not utilized her Chase account since September of 2008, nor has any payment been made on the account since that time.

9. The Debtor, Walter C Davis, opened an account with Wells Fargo several years ago. However, he asserts that he has not utilized his Wells Fargo account since at least November of 2008, nor has any payment been made on the account since that time.

10. The Plaintiffs listed Cavalry Portfolio Services as a creditor, collecting for both Chase and Wells Fargo, in their schedules for the account numbers listed in the Proofs of Claim because it appeared on their pre-petition consumer credit reports.

11. The 341 Meeting of Creditors was held on July 24, 2014.

12. Cavalry, through its Bankruptcy Specialist Eric Weiss filed a sworn Proof of Claim with the U.S. Bankruptcy Court on or about June 25, 2014. The sworn Proof of Claim filed by Cavalry is identified as Claim Number 1 by this Court. A true and correct copy of this Proof of Claim is attached hereto as Exhibit A. Claim Number 1 reflects a total alleged outstanding liability in the amount of $3,315.68. The Proof of Claim states the debt was charged off March 31, 2009. A computer generated page entitled "Statement of Account" is attached to the Proof of Claim, along with a "Bill of Sale and Assignment of Accounts". No payment history or written credit card agreement between the Debtor and Cavalry or Chase was provided. The claim, in fact, lacked required supporting documentation mandated by Rule 3001 of the Bankruptcy Rules.

13. Because of the deficiencies in the Defendants' proof of claim, the Plaintiffs, as Debtors in the above styled case, filed an Objection to Claim (Docket No. 14) against Cavalry pursuant to Local Rule 2002-4. As grounds for the objection, the Plaintiffs alleged that Cavalry was attempting to collect a time-barred debt.

14. After allowing Cavalry 30 days to respond to the Plaintiffs' objection, and after receiving no such response, this Court entered an Order Sustaining Debtors' Objection to Claim 1 (Docket No. 29) on January 22, 2015.

15. Cavalry, through its Bankruptcy Specialist Eric Weiss filed a second sworn Proof of Claim with the U.S. Bankruptcy Court on or about June 25, 2014. The sworn Proof of Claim filed by Cavalry is identified as Claim Number 2 by this Court. A true and correct copy of this Proof of Claim is attached hereto as Exhibit B. Claim Number 2 reflects a total alleged outstanding liability in the amount of $2,984.02. The Proof of Claim states the debt was charged off July 20, 2009. A computer generated page entitled "Statement of Account" is attached to the Proof of Claim, along with a "Bill of Sale". No payment history or written credit card agreement between the Debtor and Cavalry or Wells Fargo was provided. The claim, in fact, lacked required supporting documentation mandated by Rule 3001 of the Bankruptcy Rules.

16. Because of the deficiencies in the Defendants' proof of claim, the Plaintiffs, as Debtors in the above styled case, filed an Objection to Claim (Docket No. 15) against Cavalry pursuant to Local Rule 2002-4. As grounds for the objection, the Plaintiffs alleged that Cavalry was attempting to collect a time-barred debt.

17. After allowing Cavalry 30 days to respond to the Plaintiffs' objection, and after receiving no such response, this Court entered an Order Sustaining Debtors' Objection to Claim 2 (Docket No. 30) on January 22, 2015.

## COUNT I

## VIOLATION OF THE AUTOMATIC STAY

18. The Plaintiffs restate, reallege, and reincorporate each and every material allegation contained in paragraphs 1 – 17 above.

19. Plaintiffs are informed, believe, and allege that the actions of Defendants constitute a violation of the automatic stay as set forth in 11 U.S.C. §362(a)(3).

20. By filing two (2) separate Proofs of Claim to collect on two (2) separate, time-barred debts, the Defendants sought to recover money from the Debtors' estate for which it had no legal right or claim. Such acts or actions constitute unlawful and illegal acts in violation of the automatic stay.

21. As a result of the above violations of 11 U.S.C. §362, the Defendants are liable to the Plaintiffs for actual damages, punitive damages, and legal fees in an amount to be determined by this Court.

## COUNT II

## VIOLATION OF THE FAIR DEBT COLLECTION PRCTICES ACT

22. The Plaintiffs restate, reallege, and reincorporate each and every material allegation contained in paragraphs 1 – 21 above.

23. As the 11th Circuit Court of Appeals noted in a recent decision:

> "A deluge has swept through U.S. bankruptcy courts of late. Consumer debt buyers—armed with hundreds of delinquent accounts purchased from creditors—are filing proofs of claim on debts deemed unenforceable under state statutes of limitations." *Crawford v. LVNV Funding, LLC, et al*, No. 13-12389, 2014 WL 3361226 (11th Cir. July 10, 2014).

The Court went on to answer whether the debt buyer's filing of such a proof of claim to collect a time-barred debt in a bankruptcy case violates the Fair Debt Collection Practices Act (FDCPA):

> "We answer this question affirmatively. The FDCPA's broad language, our precedent, and the record compel the conclusion that Defendants' conduct violated a number of the Act's protective provisions. See id. §§ 1692(e), 1692d−1692f." *Crawford v. LVNV Funding, LLC.*

Case 6:15-ap-00074-CCJ    Doc 1    Filed 06/24/15    Page 7 of 11

24. LVNV filed a petition for a writ of certiorari with the United States Supreme Court in the *Crawford* case, however LVNV's petition was denied on April 20, 2015. (http://www.supremecourt.gov/search.aspx?filename=/docketfiles/14-858.htm)

25. Like the Plaintiffs in the *Crawford* case, the Plaintiffs in this case allege that the acts of the debt buyer (Cavalry) in attempting to collect two (2) separate, time-barred debt by filing a Proof of Claim in the Plaintiff's bankruptcy case, violated the FDCPA, 15 U.S.C. §1692.

26. To establish a cause of action under the FDCPA, the Plaintiffs must prove that:

    a.) Plaintiffs are consumers.

    b.) The debt at issue is a consumer debt.

    c.) Cavalry is a debt collector.

    d.) Cavalry violated the FDCPA.

27. The Plaintiffs are "consumers" pursuant to 15 U.S.C. §1692a(3) in that they are natural persons allegedly obligated to pay a debt.

28. The debts at issue are consumer debts because they were incurred by Plaintiffs for personal, family, or household purposes. The Plaintiffs are not self-employed and have never incurred trade debt.

29. Cavalry is a "debt collector" pursuant 15 U.S.C. §1692a(6) in that it is a "business, the principal purpose of which is the collection of any debts … owed or due or asserted to be owed or due another".

30. Cavalry violated 15 U.S.C. §1692(e) when it engaged in abusive debt collection practices by filing two (2) separate Proofs of Claim seeking to collect two (2) separate, time-barred debts.

31. Cavalry violated 15 U.S.C. §1692d when, in connection with collection of time-barred debts, it filed two (2) separate Proofs of Claim with this Court thereby engaging in conduct, the natural consequence of which, was to harass, oppress, or abuse, the Plaintiffs.

32. Cavalry violated 15 U.S.C. §1692e when it falsely represented the "character, amount, or legal status of any debt" it attempted to collect from the Plaintiffs by its filing Proofs of Claim with this Court.

33. Cavalry violated 15 U.S.C. §1692f when, by filing two (2) separate Proofs of Claim with this Court to collect time-barred debts, it engaged in "unfair or unconscionable means to collect or attempt to collect any debt."

34. The Plaintiffs also allege that Cavalry engaged, and continues to engage, in a course of conduct in which they routinely file Proofs of Claim in bankruptcy cases in an attempt to collect on time-barred debts.

35. The Plaintiffs respectfully request that the Court consider these actions taken by Cavalry in connection with the sanctions the Court imposes.

## COUNT III

### VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA) FLA STAT. § 559.55 *et seq.*

36. The Plaintiffs restate, reallege, and reincorporate each and every material allegation contained in paragraphs 1 – 35 above.

37. The FCCPA provisions apply to this case because Plaintiffs are consumers, Cavalry is a debt collector, and the debt at issue is a consumer debt.

38. Cavalry violated §559.72(9) of the FCCPA when it filed two (2) separate Proofs of Claim in the Plaintiff's Chapter 13 case and attempted to receive payment for a debt that it knew to be unenforceable.

39. Plaintiffs are entitled to $1,000 in statutory damages per violation of the FCCPA, even if the separate violations arise from the same nucleus of operative facts. *See Kahmeyer v. Federal Credit Corporation*, 19 Fla. Weekly Supp. 1023c (Fla. 13th Cir. May 16, 2012).

40. The FCCPA should be interpreted to offer greater protection to consumers than the corresponding federal law pursuant to Fla. Stat. § 559.552.

41. Pursuant to Fla. Stat. § 559.77, Cavalry is liable to Plaintiffs for actual damages, statutory damages, and reimbursement of attorney fees and costs associated with the filing and prosecution of this action.

## COUNT IV

### FILING A FALSE PROOF OF CLAIM IN VIOLATION OF FEDERAL RULES OF BANKRUPTCY PROCEDURE 3001

42. The Plaintiffs restate, reallege, and reincorporate each and every material allegation contained in paragraphs 1 – 41 above.

43. The Plaintiffs are informed, believe, and therefore allege that the two (2) separate sworn Proofs of Claim filed by Cavalry in this case are false, fraudulent, and as this Court has ruled, are not valid debts of the Plaintiffs.

44. The Plaintiffs are informed, believe, and therefore allege that Cavalry undertook no meaningful review procedures to determine if this claim was disqualified for collection before the preparation and filing of the said claim with this Court.

45. As a result of the above acts and omissions, Cavalry is liable to the Plaintiffs for actual damages and legal fees in an amount to be determined by the Court pursuant to 3001(c) Federal Rules of Bankruptcy Procedure and 11 U.S.C. §105.

**WHEREFORE,** the Plaintiffs having set forth their claims for relief against the Defendants, respectfully request of the Court as follows:

A. That the Plaintiffs shall have and recover against Cavalry actual damages that, in the discretion of this Court, are deemed appropriate;

B. That the Plaintiffs shall have and recover against Cavalry punitive damages that, in the discretion of this Court, are deemed appropriate.

C. That the Plaintiffs shall have and recover against Cavalry all reasonable legal fees and expenses incurred by their attorney.

D. That the Plaintiffs shall have such other and further relief as the Court may deem proper and just.

Respectfully submitted June 24, 2015.    ///s// K. Hunter Goff
K. HUNTER GOFF, P.A.
K. Hunter Goff, Esq.
Fl. Bar No. 0240930
227 Citrus Tower Blvd
Clermont, FL 34711
407-898-8225 T
407-898-8226 F
Hunter@KHunterGoffPA.com
Attorney for Debtor